UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                     )
BRIAN MARTINS,                       )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    Civil No. 24-13081-LTS
                                     )
JOHNSON & JOHNSON SERVICES,          )
INC., and ALI QURESHI,               )
                                     )
        Defendants.                  )
_____)
```

ORDER ON MOTION TO DISMISS (DOC. NO. 7)

April 25, 2025

SOROKIN, J.

Brian Martins brought various claims arising out of his employment and its termination. Doc. No. 1. The Defendants filed a Partial Motion to Dismiss, Doc. No. 7, seeking dismissal of Count II, Count III insofar as it alleges violation of the Massachusetts Paid Family and Medical Leave Act and, as to all eight counts against Defendant Ali Qureshi. Doc. No. 8 at 1. Plaintiff failed to oppose that much of the Motion seeking dismissal of Count II as to all Defendants, Count III insofar as it pertains to conduct before December 2021, and Counts IV, VI, and VIII against Defendant Ali Qureshi. Doc. No. 12 at 2. Thus, the Motion to Dismiss is ALLOWED AS UNOPPOSED to that extent.[1]

---

[1] The Court notes that the very purpose of conferral is to resolve or narrow motions. Here, this Motion could have and should have been narrowed had counsel for Plaintiff communicated this position in the conferral process (or even expressly in the response) rather than merely implicitly failing to respond in the Opposition.

Turning to the contested claims, the Motion to Dismiss addresses Count III insofar as it purports to allege a claim under the Massachusetts Paid Family Medical Leave Act ("PFMLA"), Mass. Gen. Laws ch. 175M §§ 1-11.  Doc. No. 8 at 6.  Martins alleges he took leave pursuant to this Act in 2018, Doc. No. 1 ¶ 28, again in 2021-2022, id. ¶ 33, and again in 2023, id. ¶ 46.

Defendants seek dismissal of this claim only as to the first two leaves of absence.  Doc. No. 15 at 2.  The Motion is ALLOWED IN PART insofar as Count III arises from the first leave of absence as it is plainly outside of the three-year statute of limitations governing claims under the PFMLA.  See Mass. Gen. Laws ch. 175M § 9(d).  It is DENIED IN PART as to the second leave because the Complaint alleges he took leave pursuant to that statute and the leave falls within the three year period.  That suffices for plausibility at this stage.  And Defendants fall short of establishing the affirmative defense with "certitude."   SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 36 (1st Cir. 2008).

Next, the Court turns to Counts I, III, V, and VII against Defendant Qureshi.  The Defendants argue the Complaint fails to make out plausible claims against him as to these counts.  The claims against Qureshi on these Counts are thin; supported largely by allegations that Qureshi was Martins's manager at all relevant times, Doc. No. 1 ¶ 24, Ali refused to permit Martins to take one particular position, id. ¶¶ 39-40, Qureshi told Martins that Martins should be able to come back from leave, id. ¶ 49, and Qureshi served as the contact person for a position advertised some months after Martins's termination allegedly seeking to replace him, id. ¶ 66.  Notably, Martins does not allege that Qureshi was a decisionmaker or that he authored the performance reviews at issue in the Complaint.  Doc. No. 1-1 at 21, 29, 34, 39, 59, 65, 73, 78, 83.  Nonetheless, at this stage, after drawing all reasonable inferences in Martins's favor as the law requires and where Martins merely need demonstrate plausible claims, he has done so.  The

Motion to Dismiss is DENIED IN PART insofar as it seeks dismissal of these four counts as to Qureshi.  The Court declines to consider the aiding and abetting theory at this stage without a fuller factual record.

In sum, the Motion to Dismiss is ALLOWED as to Count II, Count III as to claims arising out of the first leave of absence i.e., any claims outside the three-year statute of limitations and Counts IV, VI and VIII as to Defendant Qureshi.  The Motion is OTHERWISE DENIED.  The Clerk shall schedule the Rule 16 Conference forthwith.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge